lant was operating while being pursued by the officers.

Proof that the accused carried a pistol in the glove compartment of his car warrants his conviction of carrying on or about his person a pistol. Hutspeth v. State, 158 Tex.Cr.R. 188, 254 S.W.2d 130; Franklin v. State, 147 Tex.Cr.R. 636, 183 S.W.2d 573; Spears v. State, 112 Tex.Cr.R. 506, 17 S.W.2d 809.

Proof of ownership of the car which appellant was driving was not essential to the State's case.

**Noe C. FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 28852.

Court of Criminal Appeals of Texas.

March 6, 1957.

On Motion to Reinstate Appeal
April 10, 1957.

William Lawrence Scarborough, Corpus Christi, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for driving a motor vehicle upon a public highway while intoxicated; the punishment, one year in jail and a fine of $250.

It is recited in the information that the same is presented upon the written affidavit of Howard Edwards but the affidavit mentioned is not found in the record. Before the case may be considered by this Court, the affidavit upon which the information is based must appear in the record. Justice v. State, 134 Tex.Cr. R. 299, 115 S.W.2d 922.

The appeal is dismissed.
Opinion approved by the Court.

On Appellant's Motion to Reinstate Appeal

PER CURIAM.

The record has been perfected by the filing of a supplemental transcript.

The motion to reinstate the appeal is granted.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review.

The judgment is affirmed.